UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN L. YETTER,  Case No.
      Plaintiff,

v.

MARTSON, DEROFIFF, WILLIAMS
& OTTO, PC d/b/a MARTSON LAW OFFICES,
SETH T. MOSEBEY, and
CHRISTOPHER L. NOCK,
      Defendants.

## COMPLAINT

## INTRODUCTION/NATURE OF ACTION

1. This action arises out of illegal acts and omissions of the above-named defendants, Martson, Dearorff, Williams & Otto PC d/b/a Martson Law Offices, Seth T. Mosebey, and Christopher L. Nock, who used false, deceptive, misleading, unfair, abusive, and oppressive practices and means in conjunction with attempts to collect an alleged debt or debts and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").  Plaintiff seeks actual damages, statutory damages, treble damages, costs, and attorney's fees.  In summary, Defendants had sued Plaintiff in a County that he did not reside nor entered into the contract nor own any property.

## VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692k.  Declaratory

relief is available pursuant to 28 U.S.C. §§2201 and 2202.

3. Venue is properly laid in this district pursuant to 15 U.S.C. §1692k, and 28 U.S.C. §1391(b) and (c). Venue is proper in this District because the acts and transactions occurred here; Defendants transact business within this District.

4. Plaintiff hereby demands a trial by jury.  Fed.R.Civ.Proc. 38.

## **PARTIES**

5. Plaintiff, Brian L. Yetter ("Yetter" or "Plaintiff") is a natural person who resides in York County in Commonwealth of Pennsylvania. Because Plaintiff was allegedly obligated to pay a debt that is the subject of this case that was primarily for family, personal or household purposes, he is a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3).

6. At all times material, Defendant Martson, Dearorff, Williams & Otto PC d/b/a Martson Law Offices, (hereinafter "Martson Law Offices") was and is a domestic corporation engaged in the practice of law and in the collection business within the Commonwealth of Pennsylvania with its principal office located at 10 East High Street, Carlisle, PA 17013 and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, attorneys, employees, agents and/or workmen on behalf of itself.

7. At all times relevant to this Complaint, Defendant Martson Law Offices is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. At all times material, Defendant Seth T. Mosebey, (hereinafter "Mosebey") was and is an individual engaged in the practice of law and in the collection business within the Commonwealth of Pennsylvania with his principal office located at 10 East High Street, Carlisle, PA 17013.

9. At all times relevant to this Complaint, Defendant Mosebey is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. At all times material, Defendant Christopher L. Nock, (hereinafter "Nock") was and is an individual engaged in the practice of law and in the collection business within the Commonwealth of Pennsylvania with his principal office located at 10 East High Street, Carlisle, PA 17013.

11. At all times relevant to this Complaint, Defendant Nock is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendants, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business one of the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts. Based on said activity or activities, Defendants are debt collector within the meaning of FDCPA, 15 U.S.C. § 1692a (6).

13. Defendants website lists the following:

> **Debt Collection And Other Services For Creditors**
> There is nothing more frustrating to any business than an unpaid debt. From individual consultants and freelancers to small businesses to large lending institutions, an outstanding debt is a violation of your rights as a creditor that we can help resolve.
>
> The creditors' rights attorneys at Martson Law Offices represent both businesses and individuals seeking to collect a debt. We will help you launch the appropriate legal actions to claim the funds you're owed, and we will also perform research whenever necessary to track down hard-to-find borrowers in Pennsylvania and beyond.

See, https://www.martsonlaw.com/debt-collection-and-creditors-rights/ dated February 20, 2020.

14. The Supreme Court issued <u>Heintz v. Jenkins</u>, 514 U.S. 291 (1995), lawyers have known that if they seek to collect consumer debts for clients – even when doing so through litigation – they might qualify as a "debt collector" under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA).

15. The "FDCPA does apply to a lawyer . . . with a general practice including a minor but regular practice in debt collection." <u>Crossley v. Lieberman</u>, 90 B.R. 682, 694 (E.D.Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989).

16. Defendants appear to regular collect consumer debts, including but not limited to Members 1st Federal Credit Union and Belco Community Credit Union.

17. At all pertinent times, Defendants were hired by Belco Community Credit Union to collect moneys relating to consumer personal loan that was allegedly owed by Plaintiff to Belco Community Credit Union.

**FACTUAL ALLEGATIONS**

18. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. On or about July 23, 2019, a collection complaint was filed by the Defendants against Plaintiff Yetter in the Court of Common Pleas of Dauphin County, Pennsylvania at case number 2019-cv-5605 concerning an alleged debt owed the Belco Community Credit Union.

20. Defendants knew at the time the collection complaint was filed that Plaintiff Yetter resided in York County, Pennsylvania.

21. Defendants knew at the time the collection complaint was filed that Plaintiff Yetter took out the loan out from the Belco Community Credit Union located in Hanover, York County, Pennsylvania.

22. Plaintiff Yetter did at all times relevant hereto resides in York County, Pennsylvania.

23. Plaintiff Yetter brings this action for damages against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et.seq.

24. "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); see, e.g., Id. at 453 (quoting 15 U.S.C.

§1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

25. Section 1692i of the FDCPA provides venue rules for where debt collectors may bring legal actions against consumers regarding a debt. 15 U.S.C. § 1692i(a).

26. The FDCPA venue provision, 15 USC §1692i provides in pertinent part:

> (a) Venue
> Any debt collector who brings *any legal action* on a debt *against any consumer* shall—
> . . . .
> (2) . . . bring such action only in the judicial district or similar legal entity—
> (A) in which such consumer signed the contract sued upon; or
> (B) in which such consumer resides at the commencement of the action.
> 15 U.S.C. § 1692i (emphasis added).

27. When enacting the FDCPA, Congress was concerned about consumers having to defend against suits in distant or inconvenient courts.

28. Defendants' Collection Action fled in a judicial district (Dauphin County) that he neither resided in nor entered into the contact within, is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692i(a)(2).

29. Defendants' violation of § 1692i(a)(2) of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees.  (See, 15 U.S.C. § 1692k).

30. Defendants' collection actions violated the Fair Debt and Collections Practices Act.

31. As a result of Defendants', its agents, servants, and/or employees, violations of the FDCPA as set forth herein, Defendants', its agents, servants, and/or employees, are liable to Brian L. Yetter pursuant to 15 U.S.C. § 1692k (a)(2)(B) as follows: (i) the amount of actual damages sustained, plus $1,000 per violation; (ii) costs of bringing this action, plus reasonable attorneys' fees as determined by the Court; (iii) such other and further relief as the Court deems appropriate.

## **REQUEST FOR RELIEF**

Peter Salvatore prays that this Court;

1. Declare that Defendants debt collection practices violated the FDCPA;

2. Enter judgment in favor of Brian L. Yetter, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

3. Grant such further relief as deemed just.

                                                  Respectfully submitted,

                                                  /s/ Clayton S. Morrow
                                                  Clayton S. Morrow, Esq.

**MORROW & ARTIM, PC**
Clayton S. Morrow, Esquire
PA I.D. 53521
304 Ross Street
Mitchell Building, 7th Floor
Pittsburgh, PA 15219
(412) 281-1250
Direct Line (412) 209-0656
csm@ConsumerLaw365.com